UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: REQUEST FOR JUDICIAL ASSISTANCE FROM LABOR COURT NO. 1 IN QUILMES, PROVINCE OF BUENOS AIRES, REPUBLIC OF ARGENTINA, | Case No. 23-mc-80267-AMO<br><br>**ORDER REGARDING EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782(a)**<br><br>Re: Dkt. No. 1 |

Before the Court is an ex parte application for an order pursuant to 28 U.S.C. § 1782(a), seeking authorization to serve a subpoena on Meta Platforms, Inc. in connection with litigation pending in Argentina. Meta takes no position on the issuance of the subpoena but reserves rights and asks for certain conditions. For the reasons set forth below, the Court GRANTS the application.

**I.   BACKGROUND**

On September 4, 2023, the Labor Court No. 1 in Quilmes, Province of Buenos Aires, Republic of Argentina ("Argentine Court") issued a letter of request under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, seeking evidence in connection with a civil proceeding—*Dora Evangelina Melgarejo v. Matiz S.A.*, Docket No. 42459, Ref. No. 1979/2023—pending in that jurisdiction. ECF 1-2.

The Argentine Court asks that Meta:

[R]eport the following: User ID (Dora Melgarejo), email address, date and time of Facebook account creation, date and time of account closing, mobile phone number and/or any other information of interest.

[I]nform if it has profiles in the name of Dora Melgarejo, and if the publications, photos, posts, links and accompanying information added in the notarial deeds are authentic and consistent with the ones published on said social network.

> [R]eport the following: User ID, email address, date and time of Instagram account @dshopping2021 creation, date and time of account closing, mobile phone number an/or any other information of interest.
>
> [I]nform if it has profiles in the name of Dora Melgarejo, and if the publications, photos, posts, links and accompanying information added in the notarial deed are authentic and consistent with the ones published on said social network.

*Id.* at 7.

On November 10, 2023, Meta filed its Response, taking no position on the issuance of the subpoena, reserving all rights and objections should the Court issue a subpoena, and indicating its intent to object. ECF 8 at 2. Meta also requests that the Court permit it to notify the account holder(s) of the subpoena and this Order within 10 calendar days of service of the subpoena, and allow Meta and/or the account holder(s) 21 days from the date of such notice to file a motion "contesting" the subpoena. *Id.* at 3.

## II. LEGAL STANDARD

Section 1782(a) provides:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a).

Section 1782(a) permits a district court to authorize discovery "where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or

2

1   international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925
2   (9th Cir. 2019) (quoting 28 U.S.C. § 1782(a)).
3     "[A] district court is not required to grant a Section 1782(a) discovery application simply
4   because it has the authority to do so." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241,
5   264 (2004). Instead, a district court has discretion to authorize the requested discovery under
6   Section 1782. *Id.* at 260-61. In determining whether to exercise that discretion, a district court
7   considers: "(1) whether the 'person from whom discovery is sought is a participant in the foreign
8   proceeding'; (2) 'the nature of the foreign tribunal, the character of the proceedings underway
9   abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal
10  court judicial assistance'; (3) whether the request 'conceals an attempt to circumvent foreign
11  proof-gathering restrictions or other policies of a foreign country or the United States'; and
12  (4) whether the request is 'unduly intrusive or burdensome.'" *In re Request for Judicial*
13  *Assistance from the Seoul Central District Court in Seoul, Republic of South Korea*, No. 23-mc-
14  80016-BLF, 2023 WL 2394545, at *3 (N.D. Cal. Mar. 7, 2023) (quoting *Intel*, 542 U.S. at 264-
15  65).

16  **III.   DISCUSSION**

17    The Court first considers whether the instant application satisfies the threshold statutory
18  requirements. Section 1782(a) first requires that the person from whom discovery is sought
19  "resides or is found" in the district court where the application is made. 28 U.S.C. § 1782(a).
20  "A business entity is 'found' in the judicial district where it is incorporated or headquartered." *In*
21  *re Seoul*, 2023 WL 2394545, at *3 (citation omitted). Here, Meta is headquartered in Menlo Park,
22  California, *see* ECF 1-1 at 6, which lies within this judicial district. *See id.* Thus, the first
23  requirement of Section 1782(a) is satisfied.
24    Section 1782(a) next requires that the discovery sought "be for use in a proceeding before
25  a foreign tribunal." *In re Ex Parte Application of Tatsuhito Kurokawa*, 23-mc-80025-BLF, 2023
26  WL 2396324, at *1 (N.D. Cal. Mar. 7, 2023). Here, the Argentine Court seeks discovery to
27  adjudicate the *Melgarejo* matter. ECF 1-1 at 7; ECF 1-2. Thus, the second statutory factor is met
28  because the Argentine Court, a foreign tribunal, seeks judicial assistance for discovery in

1  connection with a pending proceeding.

2  Section 1782(a) finally requires that discovery requests be made by a foreign tribunal or
3  interested party. 28 U.S.C. § 1782(a). This factor is met because the discovery request is made by
4  the Argentine Court. ECF 1-2. The Court therefore finds that the pending application satisfies
5  Section 1782(a)'s requirements.

6  The Court now considers the *Intel* factors to determine whether it should exercise its
7  discretion to allow the requested discovery. *Intel*, 542 U.S. at 264-65. The first *Intel* factor is
8  satisfied if the respondent is not a participant in the foreign action. *Id.* at 264. Meta is not a
9  participant in the proceedings before the Argentine Court. ECF 1-1 at 8. The first *Intel* factor thus
10 weighs in favor of granting the application. *See In re Seoul*, 2023 WL 2394545, at *4 (finding that
11 the first *Intel* factor weighed in favor of granting the Section 1782 application because Meta was
12 not a participant in the foreign civil proceeding).

13 The second *Intel* factor focuses on whether "the foreign tribunal is willing to consider the
14 information sought," while the third factor focuses on whether the request "conceals an attempt to
15 circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United
16 States." *See id.* at *3. Here, the Argentine Court itself seeks the requested discovery in
17 connection with proceedings currently pending before it, ECF 1-2, "which makes clear that the
18 Argentinian court is receptive to this Court's assistance and that the request is not an attempt to
19 circumvent proof-gathering restrictions in either Argentina or the United States." *See In re*
20 *Request for Int'l Jud. Assistance From the Nat'l Ct. of Original Jurisdiction No.18 in Buenos*
21 *Aires, Argentina*, No. 16-MC-80204-JSC, 2016 WL 5462634, at *2 (N.D. Cal. Sept. 29, 2016).
22 The second and third *Intel* factors thus weigh in favor of granting the instant application.

23 The last *Intel* factor concerns the scope of the Argentine Court's proposed discovery. *See*
24 *id.* Here, the Argentine Court seeks targeted categories of information for a single user who is
25 implicated in ongoing proceedings in that forum, and the information sought does not appear to be
26 unduly burdensome or intrusive. In the event there is a dispute as to whether the discovery at
27 issue is unduly burdensome or intrusive, the conditions set forth below will provide adequate
28 opportunity to adjudicate any disputes. Accordingly, this final factor weighs in favor of granting

the application. *See id.*

## IV. CONCLUSION

Having found that the application meets the statutory requirements of Section 1782(a), and that the *Intel* factors weigh in favor of exercising judicial discretion, the Court GRANTS the ex parte application authorizing discovery under 28 U.S.C. § 1782(a) and APPOINTS Assistant United States Attorney Ekta Dharia as Commissioner for the purpose of issuing the subpoena for the authorized discovery.

The Court further ORDERS that: within 10 calendar days of service of the subpoena, Meta may notify the account holder(s) of the subpoena and this order. Within 21 days of service of the subpoena, Meta and/or the account holder(s) may file a motion to quash. Meta shall respond to the subpoena within 60 days of service.

The United States shall file a status report within 90 days updating the Court on whether any further action is needed or whether this matter can be closed.

**IT IS SO ORDERED.**

Dated:   December 13, 2023

**ARACELI MARTÍNEZ-OLGUÍN**
**United States Magistrate Judge**